# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERBERT ALLEN BELCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-1381-STE |
| ) | |
| NANCY BERRYHILL, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing on February 10, 2016, an Administrative Law Judge (ALJ) issued fully favorable decision. (TR. 161-

169). On its own motion, the Appeals Council remanded the case to the same ALJ for further proceedings. (TR. 172-177). Following a second administrative hearing, the ALJ issued an unfavorable decision. (TR. 15-29). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the second decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 20, 2013, his alleged onset date. (TR. 19). At step two, the ALJ determined Mr. Belcher had the following severe impairments: affective disorder; anxiety disorder; ischemic heart disease; tendonitis of the shoulders; mild intellectual disability; obesity; and right knee arthritis. (TR. 19). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21).

At step four, the ALJ concluded that Mr. Belcher retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that his ability to perform the full range of light work is diminished by nonexertional limitations. He can reach overhead with the right arm frequently. He is able to understand, remember, and carry out simple instructions but not detailed instructions. His ability to work is limited to simple, routine, repetitive tasks performed in a work environment free of

> fast-paced production requirements, involving only simple, work-related decisions, and with few, if any, workplace changes. He cannot interact with the public. He cannot perform work involving reading and writing in the vocational context.

(TR. 24) (footnote omitted). With this RFC, the ALJ concluded that Mr. Belcher could not perform his past relevant work. (TR. 27). Thus, at the hearing, the ALJ presented the limitations set forth in the RFC to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 59). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 59-60). The ALJ adopted the testimony of the VE and at step five concluded that Mr. Belcher was not disabled based on his ability to perform the identified jobs. (TR. 28-29).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges error in the consideration of: (1) two medical opinions, (2) the Plaintiff's subjective allegations, and (3) the Medical-Vocational Guidelines.

## V. THE ALJ'S EVALUATION OF TWO MEDICAL OPINIONS

Mr. Belcher alleges legal error in the ALJ's evaluation of opinions from: (1) treating physician, Dr. Kenneth Schaufelberger and (2) examining physician, Dr. Alison Walgama. The Court finds reversible error in the consideration of these opinions.

### A. ALJ's Duty to Evaluate Medical Opinions

An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. § 416.927(d). In determining what weight to accord any medical opinion, including that offered by a non-examining medical expert, an ALJ must consider:

(1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship,

(3) the degree to which the physician's opinion is supported by relevant evidence; (4) the consistency between the opinion and the record as a whole;

(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Hamlin*, at 1215, n. 7.; 20 C.F.R. §§ 404.1527(e)(2)(iii) & 416.927(e)(2)(iii).

Additionally, the ALJ may not selectively review any medical opinion and must provide a proper explanation to support his findings. *See Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) ("We have repeatedly held that [a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects."); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (noting that the ALJ's reasons stated in evaluating medical opinions must allow for meaningful appellate review).

### B. Opinions from Dr. Schaufelberger and Dr. Walgama and the ALJ's Related Findings

In 2011, Dr. Schaufelberger performed bilateral shoulder surgery on Mr. Belcher. (TR. 539-568). Following the surgeries, Dr. Schaufelberger stated that Mr. Belcher would have a permanent 10-pound lifting restriction on both upper extremities. (TR. 540, 549, 568). In 2014, Dr. Lisa Walgama examined Plaintiff and also opined that Mr. Belcher could not lift and/or carry more than 10 pounds. (TR. 702). In the first administrative decision, the ALJ noted that Dr. Walgama was Plaintiff's treating

physician, and gave the opinion "great weight," as consistent with Dr. Schaufelberger's opinion and supported by Dr. Walgama's own treating notes. (TR. 167).

In the second administrative decision, the same ALJ noted Plaintiff's "history of . . . bilateral shoulder surgeries in 2011," but the ALJ omitted any mention of Dr. Schaufelberger by name, or the 10-pound permanent lifting restriction. (TR. 19). And although the ALJ acknowledged Dr. Walgama's opinion, the ALJ gave the opinion "[m]inimal weight," noting that "the limitations cited are inconsistent with the treating and examining findings upon examination." (TR. 27).

**C.      Error in the Evaluation of Medical Opinions**

As stated, the ALJ has a duty to evaluate every medical opinion in the record and provide a proper explanation to support his findings and allow for meaningful appellate review. *See supra*. Here the Court concludes that the ALJ failed to follow these directives and committed legal error in his consideration of the opinions from Dr. Schaufelberger and Dr. Walgama.

First, the ALJ omitted any discussion of the permanent 10-pound bilateral lifting limitation which had been imposed by Dr. Schaufelberger. *See* TR. 15-29. The restriction was incompatible with the RFC for light work and, therefore, affected the findings at step five. *See* TR. 24, 28-29; 20 C.F.R. §§ 404.1567(b) & 416.967(b) (noting that "light work" "involves lifting no more than 20 pounds at a time."). Accordingly, and even though Dr. Schaufelberger's opinion pre-dated Mr. Belcher's onset date, the ALJ had a duty to consider the opinion and explain his findings. His failure to do so

constitutes legal error warranting remand. *See Lackey v. Barnhart*, 127 F. App'x 455, 458–59 (10th Cir. 2005) (remanding for consideration of medical opinion which opined permanent restrictions which pre-dated period of disability because the ALJ had failed to mention the physician or his opinion "*at all*.") (emphasis in original).

Second, the ALJ accorded "minimal weight" to Dr. Walgama's opinion, stating that the limitations were "inconsistent with the treating and examining findings upon examination." (TR. 27). But this explanation, without more, is insufficient and remand is necessary for reconsideration of the opinion. *See Langley v. Barnhart*, 373 F.3d 1116, 1122-24 (10th Cir. 2004) (although the ALJ rejected a treating physician's opinion by providing a "facially valid" reason, stating that the opinion was not consistent with other evidence of record, the rationale was not supported by the record "[b]ecause the ALJ failed to explain or identify what the claimed inconsistencies were" to allow for meaningful review).

The Commissioner attempts to defend the ALJ's decision by pointing to various opinions and evidence that allegedly provide substantial evidence in support of the RFC for light work. *See* TR. 24. But the issue is not whether substantial evidence existed to support the RFC, the issue is whether the ALJ fulfilled his legal obligation to evaluate the opinions from Dr. Schaufelberger and Dr. Walgama.

Specifically, Ms. Berryhill relies on:

- the fact that Plaintiff lifted up to 25 pounds while working in 2013;
- "normal objective medical evidence;" and

7

- reports from two non-examining state agency physicians who stated that Plaintiff could lift up to 20 pounds.

(ECF No. 13:5-7).

The Court makes no findings on whether these explanations provide a sufficient basis on which to reject the opinions from Dr. Schaufelberger and Dr. Walgama because the *ALJ* himself does not rely on these rationales. For example, the ALJ never cites the fact that Plaintiff had lifted up to 25 pounds while working in 2013. *See* TR. 15-29. And Ms. Berryhill does not explain what "normal objective evidence" the ALJ had allegedly relied on in rejecting Dr. Walgama's opinion, nor can the Court locate such a citation in the decision consistent with the reference in Defendant's Brief. *See* ECF No. 13:6, citing TR. 27. Finally, although the ALJ does accord "a good amount of weight" to state agency physician's opinions, the ALJ does not specifically cite these opinions as a basis for rejecting the opinions from Dr. Schaufelberger or Dr. Walgama. Accordingly, the Court should reject Defendant's argument because the Court is not permitted to supply *post hoc* rationales to uphold the Commissioner's decision. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of the Commissioner."); *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (stating "the opinions of physicians who have seen a claimant over a period of time for purposes of treatment

are given more weight over the views of consulting physicians or those who only review the medical records and never examine the claimant.").

### D. Summary

The ALJ committed legal error in his consideration of opinions from Dr. Schaufelberger and Dr. Walgama because he failed to acknowledge Dr. Schaufelberger's opinion at all and failed to provide a good reason to reject Dr. Walgama's opinion. The ALJ was entitled to reject both opinions, but in doing so, he must provide an explanation which would allow for proper meaningful review by this Court. The ALJ failed in this regard, as discussed. As a result, remand is appropriate for further consideration of the opinions from Dr. Schaufelberger and Dr. Walgama.

## VI. PLAINTIFF'S SUBJECTIVE ALLEGATIONS

Plaintiff alleges error in the ALJ's evaluation of Mr. Belcher's allegations regarding his ability to lift. (ECF No. 12:6-8). Mr. Belcher's argument has merit.

### A. ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

Pursuant to SSR 16-3p, the ALJ must consider a claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1119029, at *4 (2016). In doing so, the ALJ must apply seven regulatory factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms and determine the consistency of the individual's statements as compared to other evidence in the record. *See id. at* *4-10. Finally, the "decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and

supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *9.

### B. The ALJ's Evaluation of Mr. Belcher's Subjective Allegations

The ALJ acknowledged the appropriate standard, then discounted Plaintiff's statements based on alleged inconsistencies between the allegations and:

- the medical history;
- the degree of medical treatment required;
- reports of the treating and examining practitioners;
- findings made on examination;
- descriptions of Plaintiff's activities and life style; and
- Mr. Belcher's demeanor at the hearing.

(TR. 25).

The ALJ then summarized Plaintiff's testimony, evidence which he believed had supported the RFC, and Plaintiff's daily activities—as reported at the hearing, to various physicians, and in paperwork Mr. Belcher had submitted with his applications for benefits. (TR. 25-26).

However, as Plaintiff contends, the ALJ does not link any of this evidence to Plaintiff's specific allegations or note any particular "inconsistencies." *See* TR. 25-26. The omission related to Plaintiff's allegations regarding his ability to lift is especially egregious.

In evaluating Plaintiff's allegations, the ALJ:

- acknowledged that Plaintiff had stated to another physician that he could not "lift much" and

- noted that "on exam, [Plaintiff's] shoulder strength is slightly decreased at 4/5."

(TR. 25). Noticeably absent from the ALJ's discussion, however, is the fact that the decreased shoulder strength examination findings had provided the direct support for Dr. Walgama's opinion that Plaintiff was limited to a 10-pound lifting restriction. *See* TR. 702 ("[Mr. Belcher] has 4/5 strength bilaterally on abduction >45° and also 4/5 strength bilaterally in biceps both causing decreased ability to lift >10#."). Thus, Dr. Walgama's opinion directly undermines the ALJ's statement that Plaintiff's allegations were inconsistent with "findings made on examination." With the ALJ's sole rationale lacking support, the ALJ's evaluation of Plaintiff's subjective allegations cannot stand.

## VII. PLAINTIFF'S REMAINING ALLEGATION

Finally, Mr. Belcher alleges that the ALJ failed to apply the Medical-Vocational Guidelines ("The Grids") which, if correctly applied, would result in a finding of disability and an immediate payment of benefits. (ECF No. 12:8-9). But this argument is based on a finding of an RFC for "light work" which could be affected following reconsideration of the opinions from Dr. Schaufelberger and Dr. Walgama. Accordingly, the Court need not consider this argument. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) ("We will not reach the remaining issues raised by claimant because they may be affected by the ALJ's resolution of this case on remand.").

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

ENTERED on July 31, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE